IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| RUBEN B. BUENBRAZO, RAMONCITO | § | Miscellaneous Action |
| V. UMALI, RICHARD RAMOS and | § | No. MC-08-17 |
| EDGAR LIMOS | § | |

**ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

On this day came on to be considered the Court's sua sponte[1] review of its subject-matter jurisdiction in the above-styled miscellaneous action. For the reasons set forth below, the Court finds that it does not have subject-matter jurisdiction over this case, and the Court therefore DISMISSES the case for lack of jurisdiction.

I.  **Background**

Attorney Michael Hummell represents Ruben B. Buenbrazo, Ramoncito V. Umali, Richard Ramos and Edgar Limos in connection with a United States Coast Guard investigation into the M/T Genmar Defiance and a potential improper discharge of oil/water. (D.E. 1, Motion, ¶ 1). Mr. Hummell maintains that the government was "fully aware" that Mr. Hummell represented the above-named individuals, and that all represented crew members of the M/T Genmar Defiance were identified to the Coast Guard by highlighting their names on a crew list. (Id.). Mr. Hummell claims that beginning on November 28, 2007, he met with the United States Coast Guard "over several days" regarding the M/T Genmar Defiance investigation, and that he has continued to work on this matter with the Coast Guard and with litigation counsel for the Environmental Crimes Section of the United States Department of Justice. (Id.).

---

[1] "[C]ourts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004).

Mr. Hummell states that of the four individuals he represents, Messrs. Umali, Ramos and Limos were previously interviewed by the Coast Guard, and Mr. Buenbrazo's interview was postponed "until and unless he was given immunity." (Id.). Mr. Hummell states that on January 19, 2008, Messrs. Umali, Ramos, Limos and Buenbrazo were all served with subpoenas to appear before the Grand Jury on January 24, 2008. (Id., ¶ 2). Mr. Hummell claims that notice of these subpoenas was not provided to the witnesses' counsel, even though the witnesses have been represented by Mr. Hummell since November 28, 2007. (Id., ¶¶ 2, 4).

Finally, Mr. Hummell claims that on January 23, 2008, case agent Alex Ramirez "admitted he had conducted an extensive interview of Ruben Buenbrazo, without counsel's presence, consent or knowledge." (Id., ¶ 3). Mr. Hummell maintains that this interview took place even though Mr. Buenbrazo had been represented by counsel since November 28, 2007. (Id., ¶ 4).

In light of the above, on February 2, 2008, Mr. Hummell filed a "Motion for Protection and Request for Prompt Hearing" in the above-styled action (D.E. 1). In this motion, Mr. Hummell asks that "the Court instruct the government to refrain from interviewing of Ruben B. Buenbrazo, Ramoncito V. Umali, Richard Ramos and Edgar Limos without their counsel's knowledge, consent and presence." (Id., p. 2).

II. **Court's Lack of Subject-Matter Jurisdiction**

Mr. Hummell brings this case on behalf of crew member witnesses Buenbrazo, Umali, Ramos and Limos, asking that the Court instruct the government on future actions with respect to these individuals. However, the Court does not have jurisdiction over the case, because the crew

members have not alleged an actual case or controversy for the Court to decide, and the relief sought by the crew members amounts to an impermissible advisory opinion.

A.  **Actual Case or Controversy Requirement**

Under Article III, § 2, of the Constitution, the federal courts have jurisdiction over [a] dispute ... only if it is a 'case' or 'controversy.'" Raines v. Byrd, 521 U.S. 811, 818 (1997) (citing U.S. Const. art. III, § 2); see also Whitmore v. Arkansas, 495 U.S. 149, 155 (1990) ("Article III, of course, gives the federal courts jurisdiction over only 'cases and controversies'"); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) ("It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy."); Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) ("Article III of the United States Constitution limits federal courts' jurisdiction to 'cases' and 'controversies.'"); Green v. McKaskle, 788 F.2d 1116, 1124 (5th Cir. 1986) ("there is no question that a federal court must be presented with a 'case or controversy' before it can sit in judgment of a dispute").

Regarding the definition of a "case or controversy," "[t]he difference between an abstract question and a 'case or controversy' is one of degree, of course, and is not discernible by any precise test. The basic inquiry is whether the 'conflicting contentions of the parties ... present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 297-98 (1979) (citing Railway Mail Assn. v. Corsi, 326 U.S. 88, 93, (1945)); see also MedImmune, Inc. v. Genentech, Inc., 127 S.Ct. 764, 777 (2007) (internal citations and quotations omitted) ("In the constitutional sense, a 'Controversy' is distinguished from a

difference or dispute of a hypothetical or abstract character; from one that is academic or moot."). "[T]here must be a real and substantial controversy ... *as distinguished from an opinion advising what the law would be upon a hypothetical state of facts*." MedImmune, Inc., 127 S.Ct. at 777 (internal citations and quotations omitted) (emphasis added).[2]

### B.  Court May Not Render An Advisory Opinion

It is well-settled that a federal court does not have the authority under Article III of the Constitution to render an "advisory opinion." Massachusetts v. U.S. Envtl. Prot. Agency, 127 S.Ct. 1438, 1452 (2007) (internal citations omitted) ("It is therefore familiar learning that no justiciable 'controversy' exists when parties ... ask for an advisory opinion".); U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 446 (1993) (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975)) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy, and 'a federal court [lacks] the power to render advisory opinions.'"); Boston Firefighters Union Local 718 v. Boston Chapter NAACP, Inc., 468 U.S. 1206, 1210 (1984) ("But such a ruling now - rendered in the absence of a present case or controversy in this proceeding - would amount to no more than an advisory opinion. The federal courts are forbidden by Article III of the Constitution from giving advisory opinions."); Mistretta v. United States, 488 U.S. 361, 385 (1989) (citing Muskrat v. United States, 219 U.S.

---

[2] Also of note, Messrs. Buenbrazo, Umali, Ramos and Limos appear to seek declaratory relief in this case, specifically a declaration by the Court regarding the government's future actions. (D.E. 1, p. 2). In the context of a request for declaratory judgment, a case meets the case or controversy requirement if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989); MedImmune, Inc., 127 S.Ct. at 771 (2007) (same). "[T]he controversy must be 'such that it can presently be litigated and decided and *not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop*.'" Grinols v. Mabus, 796 F.Supp. 972, 974 (N.D. Miss. 1992) (citing Rowan Companies, Inc., 876 F.2d at 28) (emphasis added).

346, 356 (1911)) ("According to express provision of Article III, the judicial power of the United States is limited to 'Cases' and 'Controversies.' In implementing this limited grant of power, we have refused to issue advisory opinions or to resolve disputes that are not justiciable."); C&H Nationwide, Inc. v. Norwest Bank Texas NA, 208 F.3d 490, 493 (5th Cir. 2000) ("Federal courts are not in the business of rendering advisory opinions.").

    C.    **No Actual Case or Controversy in the Case Before the Court**

With regard to the instant case before the Court, the crew member witnesses have not raised any actual case or controversy, and the relief they seek would consist of an advisory opinion on the government's possible future behavior.

In ths case, the crew member witnesses ask the Court to render an opinion on a hypothetical future situation – the government attempting to question a represented crew member without their counsel's "knowledge, consent and presence." (D.E. 1, p. 2). The crew member witnesses do not even indicate that the government has plans to question Messrs. Buenbrazo, Umali, Ramos or Limos in the future. To the contrary, the witnesses' motion indicates that they were all already interviewed by the Coast Guard and/or the case agent, and that they were scheduled to appear before the Grand Jury back in January, 2008. (D.E. 1, ¶¶ 1-3). With their motion, the witnesses are not asking the Court to render an opinion on what happened in the past with regard to the interview of Mr. Buenbrazo without the presence of counsel. Rather, the witnesses ask for an order on what *may* take place in the future. Such a hypothetical situation is not a "case or controversy" as required by Article III, and the Court cannot render an advisory opinion regarding this matter. See, e.g., Sammons v. Texas State Bd. of Med. Examiners, 2001 WL 300911, *1 (5th Cir. Mar. 7, 2001) (holding that the plaintiff's claim "lacks the requisite

concreteness for an Article III case or controversy because it is abstract and hypothetical", where the plaintiff claimed that a statute regarding licensure as a physician assistant was unconstitutional, but plaintiff had not applied for and been denied licensure under the statute); Damian v. Park, 137 Fed.Appx. 619, 620 (5th Cir. 2005) (in case where plaintiff's claims concerned "future conduct," holding that plaintiff had "not established a case or controversy because his contention that he will face future misconduct is entirely speculative."); Gray v. Johnson, 1998 WL 224065, *1 (5th Cir. April 13, 1998) (regarding dispute over when State intended to release prisoner, holding that "[t]he controversy is more hypothetical than real and, as such, does not present a federal court with the Article III case or controversy requisite to its jurisdiction."); United States v. Duckett, 1995 WL 371093, *4 (5th Cir. June 6, 1995) (finding no jurisdiction over plaintiff's "purely hypothetical" claim regarding possible government action on prisoner's release date).

Should the government interview these potential witnesses outside the presence of their attorney, and attempt to use the information against the individual witnesses, there are other remedies available for the witnesses to pursue.

**IV.    Conclusion**

For the reasons set forth above, the Court hereby DISMISSES, without prejudice, the above-styled miscellaneous action for lack of subject-matter jurisdiction.

SIGNED and ORDERED this 20th day of February, 2008.

_____
Janis Graham Jack
United States District Judge